IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

KATHERINE SLOCUM,                    )
                                     )
                                     )
                    Plaintiff,       )
                                     )
v.                                   )                    Case No. 08-CV-364-JHP
                                     )
CORPORATE EXPRESS,                   )
INCORPORATED                         )
                    Defendant.       )

## ORDER AND OPINION

Before the Court is Defendant Corporate Express, Inc.'s[1] Motion to Dismiss (Docket No. 8).

For the reasons set forth below, the Motion is GRANTED.

## BACKGROUND

Plaintiff Katherine Slocum filed suit against Defendant in Tulsa County District Court on

May 29, 2008, alleging a host of claims arising out of her former employment with Defendant.

Defendant removed the case to this Court on June 23, 2008, and now seeks dismissal of the case

arguing that Plaintiff has: (1) failed to properly put Defendant on notice of the nature of her claims,

(2) failed to plead her fraud claims with specificity, (3) previously entered into a separation and

release agreement which bars her claims, and (4) failed to timely bring her claims. Plaintiff has

failed to respond to Defendant's motion in the time allowed by LCvR 7.2(e).

## DISCUSSION

Pursuant to Rule 12(b)(6), a party may move to dismiss a claim for relief on the basis that

---

[1]In its Motion, Corporate Express indicates that the company was formerly named "Corporate Express, Inc." but it is now named "Corporate Express US Inc."

1

it fails to state any claims upon which relief may be granted.  A motion to dismiss may be granted if, "viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007)(quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007)). As the Tenth Circuit has explained this new standard for reviewing a motion to dismiss, "the mere metaphysical possibility that *some* plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir.2007).

Here, Plaintiff's petition[2] contains primarily conclusory allegations wholly lacking supporting factual averments that might give the Court some basis for concluding those allegations are "plausible," and Plaintiff's few claims that *do* contain supporting factual averments are implausible on their face. Therefore, the Court—even considering Plaintiff's *pro se* status and construing her petition liberally—agrees with Defendant that Plaintiff's petition is "rife with outrageous claims and allegations in addition to conclusory allegations that do not combine to result in a cohesive Complaint which would allow Corporate Express to offer a reasoned response" (Docket No. 8 at 8).  In all, Plaintiff's petition fails to give this Court *any* "reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."

Therefore, the Court dismisses the petition in its entirety pursuant to Fed. R. Civ. 12(b)(6).

---

[2]Because Plaintiff initiated her lawsuit in state court, the Court refers to the complaint as it was titled in state court, i.e. "Petition".

2

## <u>CONCLUSION</u>

Defendant Corporate Express, Inc.'s Motion to Dismiss  (Docket No. 8)  is GRANTED.

James H. Payne
United States District Judge
Northern District of Oklahoma